# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

United States of America,
        Plaintiff,

vs.                                                                    Case No. 12-mj-214-TLW

James Paul Wright,
Cory James Sullivan,
Wes Ryan Wilson,
Joseph Benjamin Wilson,

        Defendant.

## OPINION AND ORDER

Before the Court is the Motions for Detention (dkt. ## 6, 7) of the United States of America (the "government"). Pursuant to 18 U.S.C. § 3142, a detention hearing was held for defendants Wes Ryan Wilson and Joseph Benjamin Wilson on October 15, 2012 (Wes Wilson and Joseph Wilson are brothers). The Court conducted a preliminary hearing at the same time. At the hearing, the Government called no witnesses, relying solely on an unopposed proffer that the government claimed could be supported by Special Agent Charles L. Jones, if necessary. Agent Jones is employed by the Federal Bureau of Investigations. Although defendants did not object to the proffer, they requested, and were granted, the ability to call Special Agent Jones and conduct cross-examination. Defendants called one additional witness: their father.

Pursuant to 18 U.S.C. § 3142, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In making this determination, the Court must take into account the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance,

firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Both parties agree that there is a rebuttable presumption that there is no set of conditions which will reasonably assure the appearance of defendant or the safety of the community. 18 U.S.C. § 3142. Thus, the burden is initially on the defendants. If the defendants are able to rebut this presumption, the burden shifts to the government to prove, by a preponderance of the evidence, that no set of conditions will reasonably assure the appearance of defendant as required in this matter, see 18 U.S.C. § 3142(f), or, alternatively, by clear and convincing evidence, that no set of conditions will reasonably assure the safety of any other person or the community. Id.

For the reasons set forth below, the undersigned orders that defendants be detained pending trial for the reason that there is currently no set of conditions which will reasonably assure the appearance of defendants as required in this matter. The Court also finds that probable cause does exist to believe that the defendants committed the offenses charged.

## Written Statement of Reasons for Detention

Defendants are charged in all five counts of a five count Complaint For Violation. The

charges against defendants include one count of conspiracy to commit robbery, one count of attempted robbery, two counts of possession of a firearm in furtherance of a crime of violence, and one count of car jacking. The evidence, as presented at the hearing, follows.

The four defendants planned the alleged robbery of a Radio Shack approximately a week before it was committed.[1] Joseph Wilson drove the other defendants to the Radio Shack and waited in the parking lot. During the robbery, Wes Wilson took a set of car keys from one of the Radio Shack employees; defendant Wright threatened one or two employees with a taser; and two of the defendants threatened these employees with guns and bound them with duct tape. At some point, the police were contacted and were called to the store. When the police arrived, they found Wes Wilson behind the store and ordered him to halt. Instead, he fled the scene in the employee's car at a high rate of speed. Joseph Wilson also left the parking lot and maintained communication with Wes Wilson. Wes Wilson eventually abandoned the car he had taken, along with a firearm he was carrying and other items from the robbery. Joseph picked him up and both drove to defendant Wright's house. Later, the police found Wes Wilson and Joseph Wilson in the process of loading a vehicle with stolen merchandise and other items. They were arrested. During the arrest, either Wes Wilson or Joseph Wilson indicated that they intended to flee the state, possibly for Texas. At the time of the arrest, police also found a set of keys belonging to a recently stolen car (other than the car taken from the Radio Shack employee).

The defendants were subsequently charged in Tulsa County District Court, where they were released on $110,000 bond. Defendants were advised that, if convicted, they faced 8-14 years in

---

[1] According to the Assistant United States Attorney, Wes Wilson and Paul Wright were the instigators of the alleged criminal conduct. He indicated that all defendants met at Wright's house and changed clothes into tactical gear to go on the "mission." Joseph was unarmed, but Wright's gun was chamber loaded.

prison, with the possibility of parole. Under the federal charges, the minimum sentence faced by each defendant, if convicted on all counts, is 40 years.

Wes Wilson's and Joseph Wilson's father testified that he paid $18,000 to obtain their release on the state court bond. Wes Wilson is twenty-four years old; he has a bachelors degree in an engineering discipline from the University of Tulsa, and he was President of AICHE (the chemical engineering club) and President of the Asian American Club at the University of Tulsa. He performs volunteer work at the animal rescue and safari facility located in Broken Arrow, Ok. Wes Wilson's and Joseph Wilson's father was present when they were arrested. Police reported that their father was inebriated and had a loaded gun in his possession at the time.

Joseph Wilson attended a school in Dallas where he trained for a career as an ice dancer at the professional level. He went to several competitions and fell just short of successfully competing on a national level. His ice dancing partner eventually quit, so his father and mother encouraged him to quit and attend school full time. He began school this Fall at Rogers State University.

Their father does not believe that his sons will flee if released. Defendants mom is an accountant in Tulsa and has arranged to stay home and supervise them and ensure attendance at future hearings if they are released. Defendants' mother did not testify, so the Court was unable to evaluate her veracity or her ability to supervise defendants. This inability significantly factors into the court's decision. Wes Wilson's passport is in police custody, and Joseph Wilson's passport is in the custody of the bail bondsman. If defendants are released, their father will clear the house of firearms and dangerous weapons. Defendants' parents live four miles south of Chelsea on about 205 acres. Defendants are well known in that community and well liked.

While on bond in the state court proceeding, defendants made one court appearance.

A. Nature and Circumstances of the Offense

The nature and circumstances of the offenses are set forth above. The Government presented strong evidence of the nature and circumstances of the offence. This factor weighs in favor of detention.

B. Weight of the Evidence

The government's evidence, as presented at the hearing, is strong. This factor weighs in favor of detention.

C. History and Characteristics of Defendant and Flight Risk

Defendants have strong ties to their community and no criminal history..

D. Danger To The Community

The facts set forth above establish that defendant rebutted the presumption; however, the Court is not rendering a decision on this issue at this time.

E. Flight Risk

The nature of the crime charged and the potential lengthy prison sentence, combined with the apparent strength of the government's case, establishes (without more) that there is no set of conditions which would assure the attendance of defendants at future proceedings in this case. Defendant's effort to overcome the government's evidence was insufficient. The Court was not sufficiently impressed with the testimony of defendants' father, and the person who defendants' claim will supervise them did not even testify.

Based on the foregoing, the Government's Motions for Detention is granted.

**Directions Regarding Detention**

Defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. Defendants shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendants to the United States Marshal to appear in connection with a court proceeding.

_____
T. Lane Wilson
United States Magistrate Judge