**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WESLEY RYAN WILSON,

        Defendant.

Case Nos. 12-CR-197-GKF-3
            20-CV-165-GKF-JFJ

## OPINION AND ORDER

Before the court are defendant Wesley Ryan Wilson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 243] and the government's Motion to Dismiss Defendant's Successive § 2255 Motion [Doc. 250].  For the reasons set forth below, the government's motion to dismiss is granted.  Alternatively, Mr. Wilson's § 2255 motion is denied.

## I.  Background

On August 22, 2012, Wilson jointly executed an armed robbery of a Radio Shack in Broken Arrow, Oklahoma with three others.  The defendant and two of the other robbers entered the Radio Shack in tactical gear and face masks and robbed two employees inside, utilizing firearms pointed at the employees' heads and binding their hands and legs with duct tape.  [Doc. 113, p. 9; PSR, p. 6, ¶¶ 7, 9].

After a mistrial due to juror misconduct, Mr. Wilson pleaded guilty to Carjacking, in violation of 18 U.S.C. § 2119; Conspiracy to Commit Robbery and Attempted Hobbs Act robbery, both in violation of 18 U.S.C. § 1951; and Possession of a Firearm in Furtherance of a Crime of Violence,[1] in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  [*See* Docs. 107, 113, 157].  On June 13,

---

[1] The predicate crimes of violence were conspiracy to commit robbery, attempted robbery, and carjacking.  [Doc. 113, p. 8; Doc. 171, p, 10].

2013, the court entered judgment and imposed a 180-month sentence. The sentence consists of 96 months as to each of Counts One, Two, and Four—each count running concurrently with the other—and 84 months as to Count Three, Possession of a Firearm in Furtherance of a Crime of Violence, running consecutively to the terms in Counts One, Two, and Four. [Doc. 157, p. 2]. Mr. Wilson did not appeal.

Wilson filed his first § 2255 motion in November 2013, arguing that his counsel was ineffective when he failed to object to a six-level sentencing enhancement, failed to alert Wilson that he would be waiving his rights to appeal, and failed to object to other alleged procedural errors at sentencing. [Doc. 164, pp. 20-21]. The court denied Mr. Wilson's motion because he had waived the right to bring such claims. [Doc. 186, p. 3]. The Tenth Circuit dismissed Mr. Wilson's appeal for lack of prosecution. [Doc. 193]. Wilson then requested relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). [Doc. 195]. The court denied Wilson's motion. [Doc. 197]. Wilson subsequently moved to reconsider that decision, which the court denied on November 9, 2015. [Docs. 198, 199].

In June 2016 Wilson sought permission to file a successive § 2255 motion from the Tenth Circuit. [*See* Remark dated July 6, 2016]. The Tenth Circuit abated the matter until December 5, 2019 when it authorized Wilson to file a successive § 2255 motion challenging his § 924(c) conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019). [Doc. 240, p. 2].

## II.  Legal Standard

A federal prisoner may seek "to vacate, set aside[,] or correct the sentence" if the sentence was imposed in violation of the Constitution or federal law. 28 U.S.C. § 2255(a). "A movant attempting to file a second or successive § 2255 motion must pass two gates." *United States v. Copeland*, 921 F.3d 1233, 1239 (10th Cir. 2019). "The first is obtaining authorization from the

circuit court to file the motion, which requires only 'a prima facie showing to the court of appeals that the motion satisfies the requirements of § 2255(h), defined as a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Id.* (quoting *United States v. Murphy*, 887 F.3d 1064, 1068 (10th Cir. 2018)); *see also* 28 U.S.C. § 2255(h).  The second gate is a determination by the district court that the motion does, in fact, satisfy the requirements of § 2255(h).  *Copeland*, 921 F.3d at 1239.

To satisfy the requirements of § 2255(h), Mr. Wilson's motion must rely on either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  This case turns on the latter requirement.  "A motion contains a new rule of constitutional law, as required by § 2255(h), if the claim for which authorization is sought relies on the new rule."  *Copeland*, 921 F.3d at 1238-39 (quoting *Murphy*, 887 F.3d at 1067).

## III.  Analysis

One of the four crimes to which Wilson pleaded guilty was Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  [Doc. 113, p. 1; Doc. 157, p. 1].  "That statute threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes," known as "crime[s] of violence."  *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019).  The definition of "crime of violence" is found in 18 U.S.C. § 924(c)(3).  The statutory definition contains both an "elements clause" and a "residual clause."  The elements clause defines an offense as a crime of violence if it "has an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The residual clause defines an offense as a crime of violence if it, "by its nature, involves a substantial risk that physical force against the person or property of another may

be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).  In *Davis*, the Supreme Court held the residual clause, 18 U.S.C. § 924(c)(3)(B), to be unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336.  "For purposes of § 2255(h)(2) . . . the Supreme Court has made *Davis* retroactively applicable to cases on collateral review."  *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019).

Mr. Wilson argues that *Davis* applies here because one of his predicate crimes—an attempted Hobbs Act robbery—can only be considered a "crime of violence" under § 924(c)'s unconstitutional residual clause.  The government disagrees, arguing that "*Davis*'s rule invalidating § 924(c)(3)(B) has no effect on the validity of Wilson's convictions" and that Wilsons's motion should be dismissed as a result because it does not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. [Doc. 250, p. 5].

"To determine whether the sentencing court relied on the residual clause, [the court] examine[s] (1) 'the sentencing record to confirm that there is no mention whatsoever of the residual clause in the PSR or any of the other sentencing court pleadings or transcripts,' and (2) 'the relevant background legal environment at the time of sentencing to determine whether the district court would have needed to rely on the residual clause.'"  *Copeland*, 921 F.3d at 1242 (quoting *United States v. Driscoll*, 892 F.3d 1127, 1132 (10th Cir. 2018).  The § 2255 movant bears the burden of proving by a preponderance of the evidence that the court relied on the residual clause.  *Id.*

A.  *Sentencing Record*

"[E]xpress 'mention' of either the residual, [or] elements . . . clause by the sentencing judge at sentencing, in a court order, in a PSR adopted by the sentencing judge, or in a party's motion may be relevant and even sufficient to show whether the sentencing court relied on the residual clause."  *Copeland*, 921 F.3d at 1243 (citing *Driscoll*, 892 F.3d at 1133 n. 2).  Here, Wilson does

4

not point to, nor has this court found, any mention of the residual or elements clauses in the record. Rather, the court and the parties simply refer to the attempted robbery as a crime of violence. [*See, e.g.* Doc. 171, p. 10, lns 11-16; PSR, p. 5, ¶ 1].

*B.  Background Legal Environment*

Even when the sentencing record offers no basis to conclude the court relied on either the elements or residual clause, "[t]he movant may meet his burden to show the court relied on the residual clause by establishing that the background law did not permit reliance on the other clause[]." *Copeland*, 921 F.3d at 1244 (citing *Driscoll*, 892 F.3d at 1135).  "[T]he relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing." *United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017).

In 2013, as is still the case now, courts in the Tenth Circuit employed the categorical approach to determine whether a predicate crime constituted a crime of violence under § 924(c). *See United States v. Serafin*, 562 F.3d 1105, 1107 (10th Cir. 2009).  Using this approach, courts have consistently held that a Hobbs Act robbery is a crime of violence under 924(c)'s elements clause.  *See, e.g. United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018), *cert denied*, 139 S. Ct. 494 (2018); *United States v. Castillo*, No. CR-15-0205-JH, 2016 WL 10267677, at *7 (D.N.M. May 2, 2016) (collecting cases).

Wilson attempts to distinguish these cases, arguing "Hobbs Act robbery can be committed by causing fear of future injury to property, which does not involve the 'physical force' denominated to qualify as a crime of violence under the elements clause of § 924(c)(3)." [Doc. 243-1, p. 15].  However, the elements clause includes crimes that have "as an element the use, attempted use, or threatened use of physical force against the . . . *property* of another" as crimes of violence.  18 U.S.C. § 924(c)(3)(A) (emphasis added).  Accordingly, this argument is unpersuasive. *Cf. United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017) ("There is

nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G. § 4B1.2(a)(1) which is limited to force against a person.").

Wilson also argues that a Hobbs Act robbery cannot satisfy the elements clause because property can be injured without using violent force, as required by § 924(c)(3)(A). But, the Hobbs Act does not criminalize injury to property absent force or violence. Rather, it defines robbery as the "unlawful taking or obtaining of personal property . . . by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(b)(1). The Tenth Circuit has explained the force element in the Hobbs Act "can only be satisfied by violent force." *Melgar-Cabrera*, 892 F.3d at 1065. Accordingly, to be convicted of a Hobbs Act robbery, violent force must be used. The statute does not contemplate liability for some lesser use of force in the context of property. *Cf. United States v. Bowen*, 936 F.3d 1091, 1103-04 (10th Cir. 2019) (Because witness retaliation crimes can be accomplished by damage to property alone, rather than by use of violent force, they are not "crime[s] of violence" under § 924(c)'s elements clause). In *United States v. Dubarry*, 741 F. App'x 568 (10th Cir. 2018) (unpublished), a federal prisoner similarly contended "that Hobbs Act robbery does not satisfy § 924(c)(3)(A) 'because it can be accomplished by threatening injury to intangible property, which does not require the use of any force at all.'" *Id.* at 570. The *Dubarry* panel rejected that argument and reiterated *Melgar-Cabrebra's* holding—that Hobbs Act robbery is categorically a crime of violence. *Id.*; *see also United States v. Rojas*, 748 F. App'x 777 (10th Cir. 2018) (unpublished) (same). There is no indication this court would have applied the law any differently in this case in 2013.

Mr. Wilson also argues that, even if Hobbs Act robbery is a crime of violence under the elements clause, attempted Hobbs Act robbery is not.   "[A]ttempt and conspiracy are separate offenses from the underlying substantive crime."   [Doc. 243-1, p. 8 (internal quotation mark omitted)].   Wilson acknowledges that the Seventh and Eleventh Circuits have explicitly held that attempted Hobbs Act robberies are "crimes of violence" under § 924(c)'s constitutional elements clause, but urges the court to follow a single district court and an appellate dissent that have reached different conclusions.   [*Id.*, pp. 13-14 (citing *United States v. Tucker*, Case No. 18-CR-0119 (SJ), 2020 WL 93951, *6 (E.D.N.Y. Jan. 8, 2020); *United States v. St. Hubert*, 918 F.3d 1174, 1212 (11th Cir. 2019) (Pryor, J., dissenting))].

Section 924(c)'s elements clause explicitly defines crimes of violence to include offenses that have as an element the "attempted use" or "threatened use" of force.   In order to be guilty of an attempted Hobbs Act robbery, a defendant must intend to commit every element of a Hobbs Act robbery and take a substantial step toward committing the crime.   Because an element of Hobbs Act robbery is the "use, attempted use, or threatened use of physical force," an attempt to commit a Hobbs Act Robbery is necessarily an attempted use of physical force, triggering § 924(c)'s elements clause.   18 U.S.C. § 924(c)(3)(A); *United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020) (attempted Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)); *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020) ("Because completed Hobbs Act robbery is a crime of violence under § 924, attempted Hobbs Act robbery is also a crime of violence."); *see also United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020) ("[A] predicate attempt offense that includes the specific intention to commit a [crime of violence] and a substantial step in an effort to bring about or accomplish that [crime of violence], is in and of itself a [crime of violence] under the elements clause."); *United States v. Rinker*, 746 F. App'x 769, 772 (10th Cir. 2018)

(unpublished) (attempted armed bank robbery triggers § 924(c)'s elements clause where a substantive armed bank robbery is a crime of violence under the elements clause).   Wilson fails to show the court would have reached a different conclusion in 2013.

Mr. Wilson accordingly fails to show by a preponderance of the evidence that his conviction rests on § 924(c)'s unconstitutional residual clause.  His motion does not satisfy the requirements of 28 U.S.C. § 2255(h) and must be dismissed because Mr. Wilson cannot rely on the Supreme Court's decision in *Davis*.  *See Copeland*, 921 F.3d at 1238-39.  Alternatively, Mr. Wilson's motion should be denied on the merits for the same reasons because he fails to show it is more likely than not that his § 924(c) conviction rests on the unconstitutional residual clause. *See Driscoll*, 892 F.3d at 1135 (At the merits stage, the § 2255 movant "must prove that the sentencing court, more likely than not, relied on the residual clause.").

## IV.  Conclusion

WHEREFORE, the government's Motion to Dismiss Defendant's Successive § 2255 Motion [Doc. 250] is GRANTED, and Mr. Wilson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 243] is dismissed.  Alternatively, Mr. Wilson's § 2255 motion is denied.

Further, the court denies a certificate of appealability because Mr. Wilson has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED this 13th day of July, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE